JOURNAL ENTRY AND OPINION
Defendant-appellant Tabatha Walton appeals from her conviction for assault of a peace officer (R.C. 2903.13), along with a peace officer specification (R.C. 2903.13(C)(3)) following a jury trial. Defendant contends the trial court erred in failing to preserve the jury instructions with the record; that the conviction was not supported by sufficient evidence and was against the manifest weight of the evidence; and that her trial counsel was ineffective for not renewing his motion for acquittal. We find no error and affirm.
The State presented its case through three Cleveland Police Officers who were called to the scene of a disturbance on September 5, 1998 at 18013 Euclid Avenue near Cliffview Avenue around 1:00 a.m. Officer David Jones testified that he and his partner/victim Officer Robert Bartos found the defendant struggling with her sister, Rasheda Walton, when they arrived at the scene.
Officers Jones and Bartos intervened in the fight between defendant and her sister in an attempt to separate and subdue them. Officer Jones observed that both sisters appeared to be drinking. Officer Bartos attempted to restrain defendant while Officer Jones restrained defendant's sister. Officer Jones observed the defendant pushing and shoving Officer Bartos and lost sight of the defendant and Officer Bartos when they fell down behind the squad car.
Officer Jones recalled that the defendant was screaming profanities at the top of her lungs and resisting Bartos' efforts. Officer Bartos finally got defendant handcuffed and in the zone car. Jones likewise got the sister under control. Defendant and her sister were transported to the district headquarters. At headquarters, Officer Jones saw Bartos having a hard time getting defendant into the holding cell. He later saw Bartos holding his groin in pain.
Officer Michael Lamb testified that he responded to three different calls for help from an officer needing assistance. Upon arrival at the scene, he observed Officer Bartos escorting a black female in handcuffs. Officer Lamb stated that he and Officer Frank Cruise transported the female defendant to the district headquarters and on the drive she yelled and screamed profane remarks at the officers. At headquarters, Officer Lamb saw Officer Bartos was having a hard time getting the defendant into the holding cell. The defendant had her head turned and was screaming at Bartos and tripped on the six to eight inch step that led into the holding cell. He saw Officer Bartos pick her up and as he led her into the cell she kicked her leg backwards and hit him in the groin. Officer Bartos doubled over and walked out of the cell.
Officer Robert Bartos testified to his encounter with defendant and described her behavior which resulted in her being placed under arrest. Officer Bartos stated that once defendant arrived at headquarters, he attempted to read defendant her Miranda rights while she continued shouting at him. Officer Bartos described the defendant's behavior as crazed and when he tried to get her into a holding cell, she continuously used profanity and refused to comply. The officer then pulled her to the cell and as they got to the entrance of the cell, defendant tripped over the step leading into the cell. When defendant got back up she began to twist and turn her body so the officer used a joint manipulation hold on her. The officer then placed her in the cell by the half wall by the toilet and as he tried to uncuff her she horse-kicked him right in the groin. The officer doubled over, backed out of the cell and sat down to catch his breath.
Defendant was the only witness presented on behalf of the defense. Defendant admitted that she was ranting and raving when she was arrested because she was angry that the officers did not understand her role in the dispute and disregarded her efforts to explain. She maintained that she was not out of control. Defendant admitted that she tripped on the step leading into the holding cell. Officer Bartos then took her over to the half wall in the cell which divided the toilet from the rest of the cell. She stated that Bartos bent her over the half wall and almost put her head in the toilet. She stated that she screamed for him to stop and to take off her cuffs. She claimed that she did not knowingly kick him in the groin and has no recollection of even kicking him. She submitted pictures of the various scrapes and bruises she allegedly sustained during the arrest.
Based on the above evidence the jury found the defendant guilty of assaulting a peace officer with a peace officer specification. The trial court thereafter sentenced the defendant to two years community control sanctions.
We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PRESERVE THE WRITTEN JURY INSTRUCTIONS PRESENTED TO APPELLANT WALTON'S JURY AS PART OF THE RECORD FOR APPELLATE REVIEW.
Defendant correctly points out that R.C. 2945.10 provides that written jury instructions should be preserved as part of the record. However, failure to do so does not automatically constitute reversible error. In State v. Mills (Dec. 9, 1999), Cuyahoga App. No. 74700, unreported, this Court held that the absence of the court's written jury instructions from the record is not reversible error where both the State and the defense had the opportunity to review the court's proposed written instructions and neither party identified an error in the written instructions, nor alleged a variation between the court's oral instructions and the written instructions that had been reviewed previously. Id. at 17.
Furthermore, the burden is on the defendant to show that any error in failing to preserve written instructions resulted in prejudice to the defendant. State v. Warner (1990), 55 Ohio St.3d 31, fn. 19; State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported at 9-10. Defendant has failed to make any showing that the trial court's failure to include the written instructions in the record resulted in any prejudice to the defendant.
Assignment of Error I is overruled.
 II. APPELLANT WALTON'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, TO THE OHIO CONSTITUTION WHERE THE PROSECUTION FAILED TO PROVE APPELLANT KNOWINGLY ASSAULTED OFFICER BARTOS.
 III. THE CONVICTION AGAINST TABATHA WALTON WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE WAS NO SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE ELEMENTS HAD BEEN PROVEN BEYOND A REASONABLE DOUBT.
We will address these two assignments of error together as they present common issues of fact and law.
The standard of review we must observe in passing on sufficiency of the evidence and manifest weight of the evidence issues were set forth by the Supreme Court of Ohio as follows in State v. Thompkins (1997),78 Ohio St.3d 380, 386-87:
 The state asserts that sufficiency of the evidence and weight of the evidence are synonymous legal concepts. They are not. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict, is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
The defendant was found guilty of knowingly causing or attempting to cause physical harm to another, in this case, Officer Bartos. Knowingly is defined in R.C. 2901.22(B) as follows:
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
The State presented credible evidence that the defendant was acting in a violent and unruly manner from her first encounter with the police. The testimony indicated that she was swearing, pushing, shoving and engaging in various physically violent behaviors designed to resist arrest and place her in confrontation with the police officers.
Based on the State's evidence, defendant was clearly irate at being arrested and had no intention of cooperating with authorities. Her chosen method of assaulting Officer Bartos by kicking him in the groin appears calculated to cause harm. The location of the blow supports the contention that her act was intentional. Had defendant simply been stumbling or trying to keep herself from falling into the toilet, as suggested by defendant (Aplt's Brf. at 7), it is not reasonable to believe that her involuntary movement to prevent herself from falling into the toilet would randomly strike the officer in a vital area. By her own admission, defendant was displeased with Officer Bartos; she did not want to go to jail; the State's witnesses' testimony outlined how the defendant's anger escalated as time passed and she was transported to the district. Nevertheless, the defendant denied intentionally kicking Officer Bartos in the groin. Whether she did or did not was for the jury to decide. State v. DeHass (1967) 10 Ohio St.2d 230, paragraph one of syllabus.
There was ample evidence, if believed, to establish all the essential elements of the offense charged. Based on the same evidence, it cannot be said that the jury verdict was against the manifest weight of the evidence.
Assignments of Error II and III are overruled.
 IV. APPELLANT WALTON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION WHEN HER TRIAL COUNSEL FAILED TO MAKE A MOTION FOR ACQUITTAL AT THE CLOSE OF THE APPELLANT'S CASE.
In order to establish a claim for ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. State v. Bradley (1989), 42 Ohio St.3d 136, 142.
Defendant's argument that her trial counsel was ineffective for failing to renew a Crim.R. 29 motion for acquittal based on the sufficiency of the evidence is not well taken in light of our disposition of defendant's second assignment of error. The standard for granting an acquittal is similar to the standard for reviewing the sufficiency of the evidence. See, e.g., State v. Dennis (1997), 79 Ohio St.3d 421, 430. Construing the officers' testimony in the light most favorable to the State, a rational trier of fact could have found the essential elements of the charges were proven beyond a reasonable doubt. Inasmuch as the standard for granting a motion for acquittal under Crim.R. 29 following the jury's verdict is the same for reviewing the sufficiency of the evidence presented, defendant's fourth assignment of error is similarly not well taken. State v. Davis (Nov. 27, 1996), Cuyahoga App. No. 69954, unreported.
Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., CONCURS AND CONCURS WITH JUDGE KILBANE'S SEPARATE CONCURRING OPINION. (SEE SEPARATE CONCURRING OPINION ATTACHED).
KILBANE, J., CONCURS AND CONCURS IN JUDGMENT ONLY IN THE FIRST ASSIGNMENT OF ERROR. (SEE SEPARATE CONCURRING OPINION ATTACHED).
________________________ JAMES M. PORTER, JUDGE